# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# DOCKET NO. 2:13-CV-00004-FDW

| | |
|---|---|
| CHRISTOPHER M. PARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff Christopher M. Parris' ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11), filed on June 24, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("Commissioner's) Motion for Summary Judgment, (Doc. No. 14), filed on August 22, 2013. Plaintiff seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED. Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on August 31, 2009, alleging a disability onset date of August 17, 2009. (Tr. 26). The

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

claim was initially denied on December 18, 2009, and again upon reconsideration on May 17, 2010.  Subsequently, on July 8, 2010, Plaintiff filed a written request for an administrative hearing and Administrative Law Judge John S. Lamb ("ALJ") held a hearing on January 21, 2011 and a supplemental hearing on September 26, 2011.  On December 9, 2011, the ALJ issued a decision finding that Plaintiff was not disabled.  Plaintiff timely requested review by the Appeals Council and offered as new evidence a February 21, 2012 genetic consultation report prepared by Dr. William Allen, a consulting geneticist.  (Tr. 7-17).  By notice dated November 21, 2012, the Appeals Council denied Plaintiff's request for further administrative review.  (Tr. 1).  Thus, the ALJ's decision of December 9, 2011 became the final decision of the Commissioner.

Plaintiff timely filed this action on January 18, 2012, and the parties' Motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the

record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.    ANALYSIS[2]

The question before the ALJ was whether Plaintiff was "disabled," as defined for Social Security purposes, between August 17, 2009 and the date of his decision.[3] To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On July 30, 2010, the ALJ found that Plaintiff was not "disabled" at any time between August 17, 2009 and the date of his decision. (Tr. 39). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

---

[2] Rather than separately set forth the facts in this chase, the Court has incorporated the relevant facts into its legal analysis.

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the ALJ determined that Plaintiff was not disabled under the fifth step of the above evaluation process. (Tr. 39). Specifically, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id.

On appeal, Plaintiff makes the following assignments of error: (1) that the ALJ failed to develop a full and fair record because the evidence was inadequate; (2) that the ALJ failed to consider certain medical opinion evidence; (3) that the ALJ failed to properly consider Plaintiff's subjective complaints of pain; (4) that the ALJ failed to properly consider lay witness testimony and affidavits; and (5) new and material evidence justifies a remand. (Doc. No. 12).

As a threshold matter, the Court notes that as is often the case with the briefs submitted in this Court by the local social security bar, Plaintiff's brief appears to be hastily thrown together with few relevant legal citations and no actual legal discussion or analysis of the relevant legal issues before the Court. This Court has repeatedly warned attorneys, including Plaintiff's counsel, practicing before it in social security cases about the perils of such a practice, and the Court has struck the briefs of plaintiffs, disregarded legal arguments that were not supported by relevant legal citations, and sanctioned the attorneys engaging in such conduct. See, e.g., Ellis v. Astrue, No. 2:12-cv-18 (W.D.N.C. Jul. 8, 2013); Adams v. Astrue, No. 1:11-cv-336, 2013 WL 609859 (W.D.N.C. Jan. 28, 2013) (Howell, Mag. J); Hardy v. Astrue, No. 1:11-cv-299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Chandler v. Astrue, No. 1:11-cv-229, 2012 WL 5336216 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.); Pascoe v. Astrue, No. 1:11-cv-226, 2012 WL 3528054 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.). Going forward, this Court will similarly disregard and/or strike from the record any legal argument or brief submitted by

counsel for Plaintiff that is not supported by relevant legal authority and contains a legal discussion of how this authority supports the relief requested. Moreover, the Court will disregard any factual statements that are not supported by a citation to the record. As the Court has stated over and over again with regards to Plaintiff's counsel and other members of the local social security bar, filings such as these disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court.

Turning to Plaintiff's assignments of error, Plaintiff first contends that the ALJ failed to adequately develop the record by failing to order a consultative exam because the evidence that Plaintiff introduced was inadequate. Clearly, an ALJ has an affirmative duty to further develop the record "when the evidence is inadequate" to make a finding as to disability. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). Where, however, "[t]he ALJ had before him sufficient facts to determine the central issue of disability," an ALJ is not required to develop the record further. Scarberry v. Chater, 52 F.3d 322, 1995 WL 238558, at *4 n. 13 (4th Cir. 1995). Plaintiff was represented by counsel at the hearings and in alleging error, does not point to any specific medical evidence or factual evidence that is likely to exist concerning Plaintiff's condition that might have led the ALJ to find that Plaintiff was disabled. Indeed, Plaintiff's counsel did not argue at any point during either the initial administrative hearing that the ALJ should withhold decision and further develop the record. (T.r. 121-149 and 48-74). These failures are fatal to Plaintiff's argument that the ALJ violated his duty to develop the record. Camp v. Massanari, No. 01-1924, 2001 WL 1658913, at *1 (4th Cir. Dec. 27, 2001) (failing to develop record is harmless error absent a "showing that additional evidence would have been produced that might have led to a different decision"). Accordingly, Plaintiff's first assignment of error is rejected.

Plaintiff next argues that the ALJ failed to evaluate all of the evidence in the record because the ALJ did not adequately address the opinions of Harvey Krape, a treating physician's assistant, and Dr. Frank VanMiddlesworth, a physician at the Swain Medical Center who treated Plaintiff's pain. Contrary to Plaintiff's assertions, a review of the ALJ's decision clearly shows that the ALJ did evaluate all of the evidence, including the opinions of Mr. Krape and Dr. VanMiddlesworth, in making his RFC determination. (Tr. 37-38). Accordingly, the Court finds that this argument is without merit.

In the next two assignments of error, Plaintiff argues that the ALJ failed to properly consider Plaintiff's subjective complaints of pain and the lay witness' testimony and affidavits, respectively. However, neither assignment of error clearly identifies to the Court how ALJ erred in these evaluations. Additionally, both arguments contain only minimal legal citations and lack an actual analysis of the relevant legal issues before the Court. Moreover, upon review of the record and the applicable legal authority, the Court finds that the ALJ's assessment of Plaintiff's subjective complaints of pain and of the lay witness' testimony and affidavits is supported by substantial evidence and contains no legal error. Accordingly, the Court strikes these assignments of error.

Finally, Plaintiff argues that Dr. Allen's genetic consultation report from February 21, 2012 is new and material evidence justifying a remand. The sixth sentence of 42 U.S.C. § 405(g) permits the Court to remand a final determination by the Commissioner if new and material evidence is subsequently introduced into the record, and there is good cause for the failure to enter the evidence during the prior proceeding. The sixth sentence does not allow the Court to affirm, modify, or reverse the Commissioner's decision, nor does it permit the Court to make a ruling with respect to the correctness of a decision. Melkonyan v. Sullivan, 501 U.S. 89,

98 (1991). The burden of showing that all of the sentence six requirements have been met rests with Plaintiff. Gorham v. Astrue, No. 4:05–cv–00136, 2008 WL 5085086, at *1 (E.D.N.C. Nov. 24, 2008) (citing Fagg v. Chater, No. 95-2097, 1997 WL 39146, at *2 (4th Cir. Feb. 3, 1997)).

In order for the Court to remand a decision by the Commissioner pursuant to sentence six of § 405(g), Plaintiff must show that there is: (1) new evidence, (2) material evidence, and (3) that good cause exists for the failure to incorporate such evidence into the record in prior proceedings. 42 U.S.C. § 405(g); Smith v. Charter, 99 F.3d 635, 638 n.5 (4th Cir. 1996); Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

As the United States District Court for the Southern District of West Virginia has explained:

> "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 n.3 (4th Cir. 1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

Meadows v. Astrue, No. 5:08-cv-01129, 2010 WL 1380117, at *3 (S.D.W.Va. Mar. 31, 2010); see also Jackson v. Astrue, No. 3:09-cv-193, 2010 WL 4258748, at *5 (W.D.N.C. Sept. 29, 2010) (Keesler, Mag. J.).

In his brief, Plaintiff offers a short and conclusory argument to demonstrate that Dr. Allen's report meets these requirements.[4] Plaintiff asserts that there was good cause for failing to submit Dr. Allen's report in prior proceedings because it did not exist until after ALJ's decision. While it is true that Dr. Allen's report did not exist prior to the ALJ's decision, it is

---

[4] The entirety of Plaintiff's argument that Dr. Allen's report meets these requirements consists of three sentences. (Doc. No. 12).

clear from reading Dr. Allen only examined Plaintiff and prepared this report in response to the ALJ's decision. (Tr. 10). Contrary to Plaintiff's apparent belief, this Court will not find good cause exists where a plaintiff creates and submits new evidence after an unfavorable decision by an ALJ, contesting the ALJ's findings, in an attempt to get a proverbial second bite at the apple with a more favorable ALJ. To permit otherwise would be a waste of judicial economy. Had Plaintiff felt that Dr. Allen's genetic consultation was necessary to substantiate his claims, he should have conducted it earlier and submitted the report for the ALJ's consideration.

Additionally, upon a review of Dr. Allen's report and the record, the Court finds that there is no reasonable probability that had the ALJ considered this evidence that he would have reached a different outcome. This report recommends suggests no new workplace limitations. Accordingly, the Court finds that the new evidence is not material and therefore rejects this argument.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is DENIED, Defendant's Motion for Summary Judgment, (Doc. No. 14), is GRANTED, and the Commissioner's decision is AFFIRMED. The Clerk's Office is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: February 4, 2014

Frank D. Whitney
Chief United States District Judge